# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARMADA (SINGAPORE) PTE LTD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 3455 |
| | ) | |
| v. | ) | Judge Elaine Bucklo |
| | ) | |
| AMCOL INTERNATIONAL CORP., | ) | Magistrate Judge Jeffrey Cole |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Amcol defendants have moved to quash a subpoena for the deposition of James Ashley, who was formerly general counsel for defendant, Amcol International Corporation. He is currently a partner at the law firm, Locke Lord LLP. The Amcol defendants bristle at the suggestion that an attorney be deposed. But, the one and a half million lawyers in this country are not automatically exempt from deposition. *Boston Edison Co. v. United States*, 75 Fed.Cl. 557, 562 -563 (Fed.Cl. 2007); *Continental Cas. Co. v. Multiservice Corp.*, 2008 WL 73345, 6 (D. Kan.2008); *United States v. Philip Morris, Inc.,* 209 F.R.D. 13, 16 (D.D.C.2002). Like other citizens, they are subject to the long recognized obligation of all citizens to give evidence – an obligation expressed in the "fundamental maxim that the public ... has a right to every man's evidence," and that "any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule." *United States v. Jicarilla Apache Nation,* 131 S.Ct. 2313, 2332 (2011). Even the President of the United States is not immune from deposition. *Clinton v. Jones*, 520 U.S. 681, 704-05 (1997).

Beyond that, the Amcol defendants assert that the information sought from Mr. Ashley is either privileged or redundant of information the plaintiff has already garnered from other sources.

The short answer is that one cannot be sure of whether a particular question calls for privileged information until the questions are asked. And, unsupported statements in briefs that purport to resolve this or any other issue do not count. *See, e.g., INS v. Phinpathya*, 464 U.S. 183, 188–89 n. 6 (1984); *IFC Credit Corp. v. Aliano Brothers General Contractors*, Inc., 437 F.3d 606, 610–611 (7th Cir. 2006). *Cf. In re Payne*, 431 F.3d 1055, 1060 (7th Cir. 2005) (Posner, J.)(unsubstantiated assertion at oral argument given no weight).

Questions of privilege must be assessed on a question by question basis and cannot be resolved fungibly even before the deposition begins. Nor ought it be a valid objection to an otherwise permissible notice of deposition to say that the party seeking the deposition has or can get the same information elsewhere. Witnesses are not fungible, and thus the quality of the evidence each may provide can only be determined in retrospect. Answers given by lawyers during any given deposition are often extraordinarily revealing and significantly assist in the search for truth. *See, e.g., Tellabs v. Fujitsu*, 283 F.R.D. 374, 378-379 (N.D.Ill. 2012); *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 882 F.Supp.2d 1053, 1056 *et seq*. (N.D.Ill. 2012).

Even if that were not the case, the Amcol defendants' motion to quash is unconvincing. The motion relies exclusive on a line of cases descending from a 30-year-old Eighth Circuit case, *Shelton v. American Motors Corporation*, 905 F.2d 1323 (8th Cir. 1986). The various hurdles set up by *Shelton* for a party to clear in order to depose opposing counsel, are inapplicable here, because Mr. Ashley is not opposing counsel. The Eighth Circuit has said as much and has limited *Shelton* to depositions of opposing counsel. Thus, *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 729-30 (8th Cir.2002) explained that *Shelton* "was intended to guard against the 'harassing practice of deposing opposing counsel ... that does nothing for the administration of justice but rather prolongs

2

and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *See also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2nd Cir. 2003).

Hence, and as the plaintiffs argue, the better, more incisive, and more accurate reading of *Shelton* is the one espoused by Judge Aspen in *Hunt Int'l Resources Corp. v. Binstein,* 98 F.R.D. 689, 691 (N.D. Ill 1983) – the view the Seventh Circuit explicitly approved in *N.L.R.B. v. Modern Drop Forge Co.*, 108 F.3d 1379 (7th Cir. 1997). In *Hunt Int'l*, Judge Aspen explained:

> [C]ompletely preventing the taking of a deposition on either of the above grounds would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether certain questions seek privileged information. *The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary.*

98 F.R.D. at 691 (emphasis supplied).

On appeal, the Seventh Circuit pointed out that the district court was aware that the procedure it proposed could be problematic, but that a prior restraint of the deposition raised "even more troublesome issues." 108 F.3d at *2. The Court agreed with the district court that permitting a prior restraint of the deposition would require two assumptions: (1) that everything to which the proposed deponent would testify would be subject to the attorney-client privilege and (2) that the deponent would, in some instances, fail to adequately assert the privilege in the deposition. *Id.* The district court concluded that there was no factual basis in the record to warrant those assumptions and therefore denied the motion to quash the deposition subpoena and ordered the parties to proceed to deposition.

Other district courts have used a similar approach of requiring the parties to proceed to deposition and assert their privileges and objections at the deposition. *See, e.g., Kaiser v. Mutual Life*

*Ins. Co. of New York*, 161 F.R.D. 378, 380 (S.D.Ind. 1994) ("[D]eponents are expected ... to assert their objections during the deposition and to allow questioning parties to develop circumstantial facts in order to explore the propriety of the assertion of the privilege, immunity, or other objection") (*citing* 8 Fed'l Prac. & Proc. § 2037 at 272); *Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y.1984) (finding that deposition of attorney should be taken and privileges asserted therein); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437-38 (E.D.Pa.1981) ("If the questions to be asked of Mr. Griffin delve into privileged areas then his recourse will be to object and refuse to answer. Such an objection and refusal to answer should of course be predicated upon a sufficient demonstration that the matter inquired into is privileged.... In any event, the Court cannot rule in a vacuum, prior to the deposition, that every question to be asked will seek to elicit privileged information"); *Walker v. United Parcel Services,* 87 F.R.D. 360, 362 (E.D.Pa.1980) (refusing to allow defendant's attorney to be deposed, but stating that "[t]he Court would ordinarily require attorney-client privilege and work product exception questions to be resolved at a deposition rather than in the abstract in advance." (*citing Jamison v. Miracle Mile Rambler, Inc*., 536 F.2d 560, 565-66 (3rd Cir.1976) and *Scovill Mfg. Co. v. Sunbeam Corp*., 61 F.R.D. 598 (D.Del.1973). *See N.L.R.B. v. Modern Drop Forge Co.*, 1997 WL 120572, at *2-3 (7th Cir. 1997).

In sum, the Seventh Circuit's opinion in *Hunt* teaches that we cannot approve of a blanket immunity from deposition for attorneys, any more than we can accept a blanket assertion of privilege. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). What the Amcol defendants want is *both* – the worst of both worlds. The concluding paragraph of the Seventh Circuit's opinion in *Hunt Int'l* bears repeating:

Kinney may answer each individual question she feels is appropriate and refuse to

answer each individual question she feels is ... privileged.[1] This course of action will enable the district court to identify specific challenged questions, as opposed to merely kinds of questions. This will also create a record more suitable for our legal analysis of the issues the parties have identified in their briefs and at oral argument.

*Modern Drop Forge Co.*, 1997 WL 120572, at *4.

That allows for a segue to a comment about Mr. Ashley's declaration. The breezy gloss on his activity is superficial and unhelpful in resolving the issue raised here. He claims that, in Amcol's dealings with plaintiff, he acted as transactional counsel and provided legal advice to facilitate the commercial transactions at issue in this case. [Dkt. #163]. This is the rationale for him being immune from deposition. As such, his affidavit is nothing more than a blanket assertion of privilege/work product, which is unacceptable. "The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." *Lawless*, 709 F.2d at 487. *Accord United States v. Christensen*, 801 F.3d 970 (9th Cir. 2015); *In re: Grand Jury Subpoenas v. United States*, 144 F.3d 653 (10th Cir. 1998).

It's the affidavit equivalent of cursory notations on a privilege log like "legal advice" or "attorney impressions" that courts reject time and again. *Cornejo v. Mercy Hosp. & Med. Ctr.*, 2014 WL 4817806, at *6 (N.D. Ill. 2014); *Mold Masters Ltd. v. Husky Injection Molding Sys. Ltd.*, 2001 WL 1558303, at *3 (N.D. Ill. 2001); *Ash v. Theros Int'l Gaming, Inc.*, 2001 WL 648632, at *2 (N.D. Ill. 2001); *Coltec Indus., Inc. v. Am. Motorists Ins. Co.*, 197 F.R.D. 368, 376 (N.D. Ill. 2000); *Domanus v. Lewicki*, 2012 WL 6568227, at *5 (N.D. Ill. 2012).

---

[1] The Court approved the permissibility of the witness refusing to answer a question she thought irrelevant. That procedure is no longer permissible under more modern rules. *Redwood v. Dobson,* 476 F.3d 462, 468 (7th Cir. 2007); Fed.R.Civ.P. 30(c)(2).

5

Mr. Ashley's affidavit tells us precious little. It doesn't even pass muster in the context of a privilege log; it certainly, therefore, provides no support for quashing a subpoena. Perhaps, Mr. Ashley is so cryptic in his declaration *because he doesn't know what the questions will be.* But that only underscores the inapplicability of *Shelton* and its successors on which the Amcol defendants rely. But if one does not know the question, one cannot anticipatorily ask that no questions be asked.

The motion of the Amcol defendants to quash the subpoena of James Ashley [Dkt. #162] is DENIED. The deposition will proceed like any other deposition of any other person. If questions arise during the course of the deposition, the parties should feel free to call chambers at 312-435-5601.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2/16/16