IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMADA (SINGAPORE) PTE LIMITED,<br>　　　　Plaintiff,<br><br>　v.<br><br>AMCOL INTERNATIONAL CORPORATION, ET AL.,<br>　　　　Defendants. | No. 13 C 3455 |

**MEMORANDUM OPINION AND ORDER**

In 2013, plaintiff Armada (Singapore) Pte. Ltd. ("Armada") sued defendant Amcol International Corporation and two of its subsidiaries, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; several claims under Illinois law; and a claim under maritime law. On March 21, 2017, I issued a memorandum opinion and order ("the March 21 Order") granting the defendants' Rule 12(c) motion for judgment on the pleadings as to Armada's RICO claims and its claims under Illinois law. *See Armada (Singapore) Pte Ltd. v. Amcol Int'l Corp.*, No. CV 13 C 3455, 2017 WL 1062322 (N.D. Ill. Mar. 21, 2017). I denied the defendants' motion insofar as it sought dismissal of Armada's claim under maritime law.

Before me is Armada's motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking reconsideration and vacatur of my dismissal of its RICO claims. In the alternative, Armada requests that I amend the March 21 Order to certify the underlying legal issue for interlocutory review pursuant to 28 U.S.C. § 1292(b). For the reasons below, I deny the motion for reconsideration and vacatur; however, I grant Armada's request for certification under § 1292(b).

## I. Motion for Reconsideration

At the outset, I agree with the Amcol defendants that Rule 60(b)(6) does not authorize Armada's motion, which seeks reconsideration of an interlocutory order. *See Chicago Regional Council of Carpenters v. Prate Installations, Inc.*, No. 10 C 5431, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011) (St. Eve, J.). While such relief may be available pursuant to Rule 54(b), it is appropriate only to correct "manifest errors of law or fact." *Id*. Armada has not identified any such errors.

My dismissal of Armada's RICO claims was based on the Supreme Court's decision in *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016). The question presented in *RJR Nabisco* was whether RICO's private right of action in § 1964(c) applied extraterritorially -- i.e., whether the provision applied "to injuries that are suffered in foreign countries." *Id*. at 2108. The Court answered the question in the negative,

2

holding that to state a claim under § 1964(c), a "plaintiff [must] allege and prove a domestic injury to business or property." *Id*. at 2111.

Armada's RICO claims were based on Amcol's alleged interference with its attempts to collect on a debt it was owed by Ashapura Minechem Limited ("Ashapura"), an Amcol subsidiary that became insolvent. Because Armada is a foreign corporation, and because its alleged injury was economic in nature, I held that the injury was suffered in Armada's principal place of business (i.e., Singapore). Accordingly, I dismissed Armada's RICO claims for failing to assert a domestic injury.

Although Armada contends that this ruling was mistaken, the arguments it presents are the same as those previously advanced in its brief in opposition to Amcol's motion for judgment on the pleadings. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries*, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Armada again argues that a proper reading of *RJR Nabisco* indicates that the relevant question for purposes of RICO's domestic-injury requirement is the location of the business or property injured, not where the injury was suffered. The only novel feature of this argument is its citation to post-*RJR Nabisco* district court decisions, *e.g.*, *Tatung Co., Ltd. v. Shu Tze Hzu*, 13-cv-1743, 2016 WL 6683201 (C.D. Cal. Nov. 14,

2016), and *Akishev v. Kapustin*, 13-cv-7152, 2016 WL 7165714 (D.N.J. Dec. 8, 2016). But I considered these decisions prior to issuing the March 21 Order. The cases are distinguishable to varying degrees, and to the extent they may be on point, I find the contrary line of authority more persuasive.

For these reasons, I decline to vacate the dismissal of Armada's RICO claims.

## II. Certification Pursuant to § 1292(b)

Alternatively, Armada seeks certification of the domestic-requirement issue for interlocutory review pursuant to § 1292. The Seventh Circuit has identified four criteria to be considered in determining whether to grant a § 1292(b) petition: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).[1] An order may be certified for interlocutory appeal only if all four requirements are met. *Id.* at 676. The Seventh Circuit has stated that "§ 1292(b) ... must be used sparingly lest interlocutory review

---

[1] "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). There is no specific time limit for seeking certification under § 1292(b) must be brought. *See, e.g.*, *Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) Here, the motion was filed less than a month after the March 21 Order. Accordingly, I find that it has been timely-filed.

4

increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

I conclude that the question concerning the proper understanding of RICO's domestic-injury requirement is appropriate for interlocutory appeal. First, the question is one of law. As the Seventh Circuit has explained, a question of law is one "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676–77. Although the facts surrounding the transactions and various corporate entities in this case are complex, the question at issue here is a very narrow and purely legal one. The parties do not dispute the nature of Armada's injury or even where the injury was suffered. Their dispute centers on the proper way of determining whether the injury should be deemed foreign or domestic for purposes of § 1964(c).

Second, the question is contested. As noted in the March 21 Order, *RJR Nabisco* itself acknowledged that applying its holding "in any given case will not always be self-evident, as disputes may arise as to whether a particular alleged injury is 'foreign' or '‘domestic.'" *RJR Nabisco,* 136 S. Ct. at 2111. While I remain unpersuaded by Armada's arguments, they are not implausible and, as noted above, they are supported to some degree by case authority. *See, e.g.*, *Cevdet Aksüt Oğullari Koll. Sti v. Cavusoglu*, No. CV 2:14-3362, 2017 WL 1157862, at *4 (D.N.J. Mar.

5

28, 2017) ("Several district courts have considered the meaning of "domestic injury" in light of the Supreme Court's *RJR* decision.... [T]wo separate, and apparently conflicting, lines of reasoning have emerged from these opinions. The first line ... focuses on where the alleged injury was suffered. The second line ... focuses on where the conduct occurred that caused the injury.").

Third, the question is "controlling." A question is "controlling" for purposes of § 1292(b) if its "resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc*., 86 F.3d 656, 659 (7th Cir. 1996). Importantly, a question may be controlling "even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (quotation marks omitted). In short, the Seventh Circuit has explained, "controlling" means "serious to the conduct of the litigation, either practically or legally." *Id.* (quotation marks omitted). The question of whether Armada suffered a domestic injury for purposes of its RICO claims is serious to the litigation. Given that Armada's state-law claims have been dismissed, its RICO claims are its central causes of action. This is especially so in light of the fact

that the relief available to Armada under RICO -- i.e., treble damages -- is greater than that recoverable for its claim under maritime law. Thus, if Armada has suffered a domestic injury and its RICO claims are viable, the stakes of the litigation will be considerably greater than will be the case if it is able to pursue only its maritime claim.

Finally, interlocutory review will potentially speed up the litigation. To be sure, this presents a somewhat closer question, and the question is particularly relevant in view of the fact that the suit has been pending since 2013. Moreover, a decision on the domestic-injury issue, while dispositive of the RICO claims, will not end the litigation. Nevertheless, "[t]he promise to speed up the litigation does not require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *F.D.I.C. v. Mahajan*, No. 11 C 7590, 2013 WL 3771419, at *3 (N.D. Ill. July 16, 2013) (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)). Interlocutory review will resolve the uncertainty regarding the status of Armada's RICO claims. And given the centrality of the RICO claims to the litigation, clarification of the domestic-injury issue may facilitate resolution of the suit by settlement or other means.

In short, I conclude that the proper understanding of RICO's domestic-injury requirement is a controlling and contested issue of law and that interlocutory review of the question may advance the ultimate termination of the litigation. Accordingly, I grant Armada's petition for certification under § 1292(b).

### III. Conclusion

For the reasons explained above, Armada's motion for certification pursuant to 28 U.S.C. § 1292(b) is granted. Because a § 1292(b) certification must be included in the order certified for appeal itself, I amend the March 21 Order to certify to the Seventh Circuit for interlocutory appeal the question of whether Armada has properly alleged a domestic injury to its business or property for purposes of asserting a claim under 18 U.S.C. § 1964(c). To the extent that Armada seeks reconsideration and vacatur of my ruling dismissing its RICO claims, its motion is denied.

**ENTER ORDER:**

_Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: May 9, 2017